**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TOMMY ALLEN; BROOKE ALLEN (a minor), by and through her legal representative TOMMY ALLEN,<br><br>Plaintiffs,<br><br>v.<br><br>FRESNO CITY POLICE OFFICERS DERIK KUMAGAI and VALERIE DUNN; FRESNO POLICE DETECTIVE ROBERT LINCOLN; FRESNO COUNTY SHERIFF DEPUTIES CHRISTIAN CURTICE, JARED WILLIAMSON, and ROMEO GRAJEDA; UNKNOWN LAW ENFORCEMENT OFFICERS; and COUNTY OF FRESNO, CALIFORNIA,<br><br>Defendants | CV F F-06-1469 AWI SMS<br><br>**MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS PURSUANT TO RULE 12(b)(6)**<br><br>Documents # 23 and 24 |

   This is an action for damages and declaratory relief by plaintiffs Tommy Allen, and his minor daughter, Brooke Allen (collectively, "Plaintiffs"), against Fresno City Police Officers Derik Kumagai and Valerie Dunn, and Fresno City Police Detective Robert Lincoln (collectively, the "City Defendants"); Fresno County Sheriff Deputies Christian Curtice, Jared Williamson and Romeo Grajeda (collectively, the "individual County Defendants"); and the County of Fresno ("County").  The currently-operative First Amended Complaint ("FAC") alleges plaintiff Tommy Allen was unlawfully subjected to search and arrest without

probable cause in violation of his Fourth and Fourteenth Amendment rights and was subjected to discriminatory, selective, arbitrary and retaliatory enforcement of laws prohibiting growth and possession of marijuana by both City and County Defendants.  The complaint also alleges plaintiff Brooke Allen was also subject to unlawful search and seizure by County Defendants only.  In the instant actions, both City and County Defendants move to dismiss the FAC or, in the alternative, for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

Federal question jurisdiction exists pursuant to 28 U.S.C., section 1331.  Venue is proper in this court.

**FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

In 2003, plaintiff Tommy Allen was subjected to arrest and prosecution for cultivation of marijuana for personal use.  Tommy Allen alleges he is authorized to grow and personally use marijuana to treat chronic pain from a back injury.  The FAC alleges Fresno City defendants knew that Tommy Allen is authorized under applicable California law to grow marijuana for personal use and that the City Defendant nonetheless decided to proceed to allege and bring a case against Tommy Allen.  In connection with the charges filed against Tommy Allen, his home was searched and property seized.  The FAC alleges the search and seizure, as well as the arrest and prosecution, was without probable cause.  In connection with the alleged wrongful arrest, search, and prosecution, the FAC names defendants Kumagai, Dunn, and Detective Lincoln, as well as the County of Fresno.  The FAC alleges the case against Tommy Allen was dismissed on October 21, 2004, and the search of his home was found unlawful.

The FAC alleges that, on October 29, 2004, plaintiff Brooke Allen was arrested at her school on charges of use of marijuana and possession of marijuana for sale.  The County Defendant who investigated and carried out the arrest of Brooke Allen also arrested Tommy Allen on the charge of furnishing marijuana to his daughter for sale.  The FAC alleges the

2

charges pertaining to Brooke Allen were "patently contrived and false." The FAC alleges that Brooke was shown to have not ingested marijuana and that the "subject marijuana is not of a type that plaintiff Tommy Allen cultivates and uses for his personally medical use." The FAC also alleges that inculpatory statements by witnesses were "misrepresented and obtained in bad faith" by the County Defendant officers. The FAC alleges the charges were dismissed against Brooke Allen, and the charge against Tommy Allen was dropped when he entered a plea of no contest to possession of marijuana that he was authorized to possess.

The FAC alleges the County of Fresno is liable "based on its unconstitutional customs and policies, as alleged hereinabove." No specific policies are mentioned, but Plaintiffs "reserve the right to expand upon and specify these policies in more detail upon conducting discovery, as provided by applicable law."

The currently-operative FAC was filed on February 4, 2007. Defendants' motions to dismiss were filed on February 14, 2007. Plaintiffs' opposition was filed on March 20, 2007, and Defendants' replies were filed on March 20, 2007.

## LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g

3

denied, 396 U.S. 869 (1969).  In deciding a Rule 12(b)(6) motion, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th  Cir.1981).

## DISCUSSION

**I. First Claim for Relief – Violation of Fourth And Fourteenth Amendments**

*A. Individual County Defendants*

The FAC alleges that the individual County Defendants, Christian Curtice, Jared Williamson and Romeo Grajeda, are responsible for violation of both Tommy Allen's and Brooke Allen's rights under the Fourth and Fourteenth Amendments when they charged Brooke with use of marijuana and possession for sale, and charged Tommy Allen with supplying Brooke with the marijuana.  The individual County Defendants contend Plaintiffs have failed to allege facts sufficient to support a claim for which relief could be granted because Plaintiffs have failed to plead facts to support their claim that there was no probable cause for the arrests.  Individual County Defendants also contend the FAC fails to state a claim because it does not allege personal participation by the individual County Defendants and because the individual County Defendants are entitled to qualified immunity.

"Under the Fourth Amendment, made applicable to the States by the Fourteenth Amendment, Mapp v. Ohio, 367 U.S. 643 (1961), the people are 'to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, ... and no Warrants shall issue, but upon probable cause ....' U.S. Const., Amdt. 4." Maryland v. Pringle, 540 U.S. 366, 369, (2003).  In the context of a search of a student in attendance at a public school:

> the accommodation of the privacy interests of schoolchildren with the
> substantial need of teachers and administrators for freedom to maintain order
> in the schools does not require strict adherence to the requirement that
> searches be based on probable cause to believe that the subject of the search
> has violated or is violating the law.  Rather, the legality of a search of a
> student should depend simply on the reasonableness, under all the
> circumstances, of the search.  Determining the reasonableness of any search
> involves a twofold inquiry: first, one must consider "whether the . . . action

4

was justified at its inception," Terry v. Ohio, 392 U.S. [1, 20 (1967)], [. . .];
second, one must determine whether the search as actually conducted "was
reasonably related to in scope to the circumstances which justified the
interference in the first place." Id.

New Jersey v. T.L.O., 469 U.S. 325, 341 (1985) ("T.L.O.").

In light of the foregoing, the insufficiency of Plaintiffs' complaint with regard to the individual County Defendants comes into focus. With respect to claims of infringement of constitutional rights by Brooke Allen against the individual County Defendants, Plaintiffs allege only that Brooke Allen was arrested at school. Was there a search? Where was the search conducted? What were the circumstances?

It is not enough to allege there was no probable cause. First, the allegation that probable cause is lacking is a legal conclusion set forth as a fact and is insufficient to state a claim for relief. Western Mining Council, 643 F.2d at 624. Further, as the T.L.O. Court held, in a school setting a search and seizure in the absence of probable cause is not necessarily an infringement of a constitutional right. To support a claim for an unconstitutional search or seizure in a school setting, the complaint must allege additional facts – facts not present in the FAC – that, if true, would show the search and/or seizure was unreasonable under the circumstances.

The FAC alleges facts that, if true, would indicate that some of the initial charges against Brooke Allen were dropped and that post-arrest evidence indicated that Brooke Allen had not ingested marijuana. These alleged facts are irrelevant to the question of probable cause or reasonable cause. The probable cause (and therefore reasonable cause) inquiry is based solely on facts known to the arresting officer at the time of the arrest. Devenpeck v. Alford, 543 U.S. 146, 152 (2004). Plaintiffs cannot support their argument that a search, seizure or arrest was unlawful based on facts that could not have been known at the time of the arrest.

Plaintiffs' opposition to individual County Defendants' motion to dismiss fails to address at all the validity of Brooke Allen's claim that she suffered an unlawful

5

search/seizure/arrest.  The court must conclude that, with respect to Brooke Allen, the FAC fails to set forth facts that, if true, would support a claim of infringement of her rights under the Fourth or Fourteenth Amendments.

Tommy allen was arrested on suspicion of furnishing marijuana for sale by Brooke Allen at her school.  The FAC ambiguously alleges that:

> The foregoing wrongful acts by the defendants implicate the plaintiffs' constitutional rights not to be arrested without probable cause, not to be subjected to malicious prosecution, not to have their property searched and seized unlawfully without a valid warrant (as to plaintiff Tommy Allen), and their rights to not be subject to discriminatory, selective, arbitrary and retaliatory enforcement of the laws.

Doc. # 22 at ¶ 13.

The factual insufficiency of the FAC with respect to Tommy Allen's claim(s) against the individual County Defendants is apparent.  To the extent the FAC could be construed to allege Tommy Allen suffered an unlawful arrest, that claim cannot be supported in the absence of any information concerning the facts known to the officer or officers at the time of the arrest that would indicate a lack of probable cause.  To the extent the FAC could be construed to allege that Tommy Allen suffered an unconstitutional search or seizure, there are not sufficient facts alleged to support the contention that the search was unreasonable under the circumstances.  Was the complained of search a search incident to Tommy Allen's arrest?  What were the factual circumstances of the search?  To the extent the FAC could be construed to allege retaliatory arrest, search, or seizure, there are insufficient facts to support such a claim because there is no allegation of any predicate condition or facts that would conceivably support a claim of retaliation.  To the extent Plaintiffs are trying to argue there was a false arrest, the FAC never makes the claim that either Brooke or Tommy Allen were subject to false arrest, nor are any facts set forth in the FAC to indicate the arresting officers knew there was no cause for arrest *at the time*.

Plaintiffs' opposition to Defendants' motion to dismiss as to Tommy Allen contends that:

6

> Fresno County Sheriff Deputies Curtice, Williamson, and Grajeda, also falsely [. . .] arrested plaintiff Tommy Allen, on the purported basis that he furnished [. . .] Brooke Allen with marijuana to sell at school, despite scientific evidence that Brooke Allen did not use or ingest marijuana as alleged, and the subject marijuana is not of the type that plaintiff Tommy Allen cultivates and uses for his personal medical use.

Doc. # 28 at 5:17-22.

Plaintiffs' argument in opposition must fail because Plaintiffs' argument that the FAC adequately states a claim for relief as to Tommy Allen relies entirely on after-acquired facts which, as discussed above, cannot be relevant in the determination of the reasonability of Tommy Allen's arrest/search/seizure.

The insufficiency of Plaintiffs' opposition to Defendants' motion to dismiss reflects the deficiencies of the FAC itself.  In short, the problem with the FAC as it pertains to the individual County Defendants is that it lacks any factual specificity.  Plaintiffs correctly point out that this circuit requires "liberal construction of pleadings in civil rights cases."  Doc. # 28 at 6:4 (citing, *inter alia*, Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992).  "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."  Ivey v. Regents of University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  Even under the most liberal construction, a plaintiff "may not rely on wholly conclusory allegations, but rather must allege facts which, if proven, would entitle the plaintiff to relief."  Johnson v. Reno Police Chief, 718 F.Supp. 36, 38 (D. Nev. 1989) (citing Akao v. Shimoda, 832 F.2d 119 (9th Cir. 1988).

As discussed above, the allegations against the individual County Defendants of unlawful arrest, search, and/or seizure, and/or retaliatory arrest and prosecution committed against Brooke Allen and Tommy Allen are alleged without relevant facts that, if proven would entitle Plaintiffs to relief.  Dismissal of the claims against the individual County Defendants is therefore warranted.

7

Because the court finds Plaintiffs claims against the individual County Defendants are subject to dismissal because the FAC fails to allege facts that, if proven, would entitle Plaintiffs to relief, the court need not address the individual County Defendants contentions with respect to qualified immunity or Plaintiffs' failure to allege personal participation.

**II. City Defendants**

Plaintiffs allege that the City Defendants, Police Officers Derik Kumagai and Valerie Dunn, and Fresno City Police Detective Robert Lincoln, subjected Tommy Allen to arrest and prosecution for "his authorized use and cultivation of marijuana for personal medicinal purposes," despite knowing that Tommy Allen was authorized under California law to grow possess and use marijuana for personal medicinal purposes. Plaintiffs also allege the City Defendants misstated and fabricated evidence and conducted one or more illegal searches and seizures of property from Tommy Allen's property. Doc. # 22 at ¶ 8.

As an initial matter, the court makes note of what cannot be a basis for Plaintiffs' claims against the City Defendants. Plaintiffs suit is pursuant to 42 U.S.C., section 1983, which "affords redress against a person who under color of state law deprives another person of any federal constitutional or statutory right." San Jacinto Savings & Loan v. Kacal, 928 F.2d 697, 700 (5th Cir. 1991). "Rights which derive solely from state law, however, cannot be the subject of a claim for relief under 42 U.S.C., § 1983. [Citation]. Only when a violation of a state law results in an infringement of a federally protected right can a cause of action be said to exist. [Citations.]" Missouri v. Wochner, 620 F.2d 183, 185 (8th Cir. 1980).

To the extent a right to cultivate marijuana for personal medicinal use exists, it exists solely under state law. As Defendants point out, federal law, as set forth in the Federal Controlled Substance Act, beyond simply not conferring a right to cultivation of medicinal marijuana, declares marijuana to be of no medicinal use and criminalizes its possession and cultivation under essentially all circumstances. See Gonzales v. Raich, 545 1, 27-29 (2004) (affirming congressional power under the Commerce Clause to prohibit marijuana

8

production/possession notwithstanding its medicinal benefits or state laws to the contrary). While invoking federal civil rights law to secure the right to commit acts that amount to crimes under federal law would be delicious irony, it is not the sort of irony federal courts can indulge. To the extent the FAC alleges Plaintiffs' Fourth and Fourteenth Amendment rights were violated because Tommy Allen's right to grow and possess marijuana was infringed, the FAC alleges a claim for which relief cannot be granted under federal civil rights law.

Once Plaintiffs' allegation that he was subject to discriminatory arrest and prosecution because he claimed a right to grow and possess marijuana under California law is subtracted, the only remaining allegations are conclusory assertions that facts were misstated or elicited in bad faith. A falsification or misstatement of facts does not necessarily entitle a plaintiff to relief. The misstatement must lead to a constitutional depravation. Again, Plaintiffs have failed to set forth facts that, if proven, would entitle them to relief. Put bluntly, if Plaintiffs are to assert claims of unconstitutional arrest, search, or seizure, they must allege specific facts that support each claim. What facts were falsely alleged? How did the misrepresentation result in a constitutional depravation? What facts were attendant to a search, seizure or arrest that made the police action unconstitutional? Plaintiff cannot avoid the obligation to plead facts to support each claim by simply invoking the general principle of liberal notice pleading. As discussed above, the pleading requirements to successfully state a claim for relief in a civil rights case are well established and Plaintiffs have not met those requirements as to either the City or individual County Defendants.

**III. County of Fresno**

With respect to defendant County of Fresno, Plaintiffs allege only that "Fresno County has an observed custom and policy of the selective, discriminatory and/or arbitrary investigation, arrest and referral for prosecution of persons authorized to use and cultivate marijuana for personal medicinal purposes." Doc. # 22 at ¶ 7. While the allegation is ambiguous, only one interpretation makes practical sense in this context. The court presumes

that what Plaintiffs are attempting to allege is that County has a policy of investigating and prosecuting persons who cultivate and use marijuana medicinally in conformity with California law, while not investigating and prosecuting persons who do not cultivate or use marijuana.[1]

This allegation, like the allegations against the City Defendants, seeks vindication of a right that arises solely under California law; the right to cultivate and possess marijuana for personal medical uses. This "right," to the extent it exists under California law, cannot be vindicated under 42 U.S.C., section 1983 for the reasons discussed above. Stated another way, even if there exists County policies or practices that single out medicinal marijuana growers and users for selective prosecution to a greater extent than the non-marijuana growing public, no constitutional or federal statutory right is implicated. This does not mean that California's laws regarding medicinal marijuana create no enforceable rights; it just means that whatever rights are created are not enforceable through federal civil rights law.

The court finds Plaintiffs have failed to set forth facts that, if true, would entitle Plaintiffs to relief on any of their claims under 42 U.S.C., section 1983. Because Plaintiffs' civil rights claims fail as to all Defendants, there is no basis for the requested declaratory relief. The FAC will be dismissed in its entirety as to all Defendants with leave to amend.

The court declines to address the City or County Defendants' immunity defenses at this time. Rather, it is the court's intent to focus on Plaintiffs' fundamental problem of a global lack of alleged material facts that would entitle Plaintiffs to any relief on any claim. Should Plaintiffs choose to amend their complaint to address its factual insufficiency, the court can more meaningfully discuss any applicable immunity defenses.

---

[1] The other possible interpretation of the allegation of discriminatory prosecution is that people who grow and use marijuana medicinally are prosecuted while people who grow and use marijuana non-medicinally are not. The court rejects this interpretation as unsupported by fact.

10

THEREFORE, for the reasons discussed above, City and County Defendants' motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is hereby GRANTED.  The First Amended Complaint is hereby DISMISSED in its entirety as to all Defendants.  Leave to amend is GRANTED.  Any second amended complaint shall be filed and served not later than sixty (60) days from the date of service of this order.

IT IS SO ORDERED.

**Dated:   June 13, 2007**                                  _____/s/ Anthony W. Ishii_____
                                                                                    UNITED STATES DISTRICT JUDGE

11