# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY ALLEN; BROOKE ALLEN (a minor), by and through her legal representative TOMMY ALLEN,<br><br>Plaintiffs,<br><br>v.<br><br>FRESNO CITY POLICE OFFICERS DERIK KUMAGAI and VALERIE DUNN; FRESNO POLICE DETECTIVE ROBERT LINCOLN; FRESNO COUNTY SHERIFF DEPUTIES CHRISTIAN CURTICE, JARED WILLIAMSON, and ROMEO GRAJEDA; UNKNOWN LAW ENFORCEMENT OFFICERS; and COUNTY OF FRESNO, CALIFORNIA,<br><br>Defendants | CV F F-06-1469 AWI SMS<br><br>ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS AND RELATED ORDERS<br><br>Doc. # 43 |

In this action by plaintiffs Tommy Allen and Brooke Allen ("Plaintiffs") for damages and declaratory relief for violation of civil rights against defendants County of Fresno and several individual law enforcement officers (collectively, "Defendants"), Defendants have moved to dismiss Plaintiffs' action for failure to prosecute and failure to comply with an order of the court. For the reasons that follow, Defendants' motion will be denied without prejudice.

The first amended complaint ("FAC") was filed in this case on February 4, 2007. Defendants moved to dismiss the FAC on February 14, 2007.  On June 14, 2007, the court granted Defendants' motion to dismiss and granted leave to file an amended complaint within

60 days.  The 60-day period for the filing of an amended motion to dismiss ran on or about August 13, 2007.  No amended complaint was filed during the time allowed.  On September 20, 2007, Defendants moved to dismiss the action with prejudice for failure to prosecute and failure to follow an order of the court.  Plaintiffs did not file an opposition to the motion to dismiss within the time period allowed.   The matter was taken under submission as of September 26, 2007.

On October 8, 2007, Plaintiffs' attorney, Kevin Little, filed a document titled "Plaintiffs' Request for Limited Additional Time to Oppose Pending Motion and/or Cure Default."  Doc. # 48.  Defendants filed a responsive pleading opposing Plaintiffs' request on October 17, 2007.  The court notes that, due to the unavailability of the Magistrate Judge, the next scheduling conference is now set for February 26, 2008, before Magistrate Judge Snyder.

Defendants move that this action be dismissed with prejudice pursuant to the inherent powers of the court for failure to obey the court's order to file an amended complaint within the time period allowed.  Where a party seeks to sanction non-compliance pursuant to the court's inherent authority, the party must be shown to have "'engaged in bad faith or willful disobedience of a court's order.' [Citation]." Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001) (citing Chambers, 501 U.S. at 46-47).  Dismissal of an action is the most severe penalty, and is authorized only in 'extreme circumstances." Fjelstad v. American Honda Motor Co., Inc., 762 F.2d 1334, 1338 (9th cir. 1985).  The drastic sanctions of dismissal or default judgment may only be imposed if there is wilfulness, fault or bad faith.  See Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir. 1981) ("Where the drastic sanctions of dismissal or default are imposed, however, the range of discretion is narrowed and the losing party's non-compliance must be due to willfulness, fault or bad faith").

In this case Defendants have alleged wilfulness, but not bad faith.  Also, the court notes there is no allegation of prejudice to Defendants' ability to defend their case.  Based on

representations made to this court in this and other cases being handled by Kevin Little ("Little"), the court is aware of limitations on Little's ability to practice that have been occasioned by a medical condition, the exact nature of which is unknown to the court. Based on these representations, the court concludes that Little's failure to prosecute or to obey an order of the court is not "willful" to the extent that imposition of the drastic sanction of dismissal would be appropriate *at this time*.

## ORDERS

The court hereby grants a continuation of the deadline to file an amended complaint until January 18, 2008. Little is hereby cautioned that no further extensions of time will be granted for any reason whatsoever. If Little feels he will not be able to comply with the court's order to file an amended complaint by January 18, 2008, he shall so notify the court in advance of that date and a limited opportunity will be granted for substitution of attorney or hiring of co-counsel. The parties shall attend the scheduling conference currently set before Magistrate Judge Snyder on February 26, 2008. Little is cautioned that any non-stipulated request to postpone the scheduling conference will not be granted and failure to attend the scheduling conference will result in dismissal of this action with prejudice. Little is also cautioned that, consistent with other orders of this court regarding limitations on his ability to practice as a consequence of any medical condition he may have, the court will be unwilling to excuse any further delays in this case that are not agreed upon by the parties or noticed to this court and served on Defendants' counsel at least ten (10) days prior to the date of any delay or postponement. Defendants may renew the instant motion to dismiss this action with prejudice for good cause shown at any time after the scheduling conference on February 26, 2008.

IT IS SO ORDERED.

**Dated:   December 21, 2007**              /s/ Anthony W. Ishii
                                            UNITED STATES DISTRICT JUDGE