IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY ALLEN; BROOKE ALLEN (a minor), by and through her legal representative TOMMY ALLEN,<br><br>Plaintiffs,<br><br>v.<br><br>FRESNO CITY POLICE OFFICERS DERIK KUMAGAI and VALERIE DUNN; FRESNO POLICE DETECTIVE ROBERT LINCOLN; FRESNO COUNTY SHERIFF DEPUTIES CHRISTIAN CURTICE, JARED WILLIAMSON, and ROMEO GRAJEDA; UNKNOWN LAW ENFORCEMENT OFFICERS; and COUNTY OF FRESNO, CALIFORNIA,<br><br>Defendants | CV F F-06-1469 AWI SMS<br><br>MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS PURSUANT PLAINTIFFS' SECOND AMENDED COMPLAINT<br><br>RULE 12(b)(6)<br><br>Document # 54 |

This is an action for damages and declaratory relief by plaintiffs Tommy Allen, and his minor daughter, Brooke Allen (collectively, "Plaintiffs"), against Fresno City Police Officers Derik Kumagai and Valerie Dunn, and Fresno City Police Detective Robert Lincoln (collectively, the "City Defendants"); Fresno County Sheriff Deputies Christian Curtice, Jared Williamson and Romeo Grajeda (collectively, the "individual County Defendants"); and the County of Fresno ("County"). The currently-operative Second Amended Complaint ("SAC") alleges plaintiff Tommy Allen was unlawfully subjected to search and arrest without

probable cause in violation of his Fourth and Fourteenth Amendment rights and was subjected to discriminatory, selective, arbitrary and retaliatory enforcement of laws prohibiting growth and possession of marijuana by both City and County Defendants. The complaint also alleges plaintiff Brooke Allen was also subject to unlawful search and seizure by County Defendants only. In the instant actions, both City and County Defendants move to dismiss the SAC.

Federal question jurisdiction exists pursuant to 28 U.S.C., section 1331. Venue is proper in this court.

## PROCEDURAL HISTORY

The complaint in this action, which was originally filed on October 19, 2006, was first amended by Plaintiffs on February 4, 2007, pursuant to Rule 15 of the Federal Rules of Civil Procedure. The court granted Defendants' motion to dismiss the First Amended Complaint ("FAC") by an order filed June 14, 2007 (the "June 14 Order"). The June 14 Order noted the FAC suffered a pervasive lack of factual allegations that, if true, would entitle Plaintiffs to relief. The June 14 Order dismissed the FAC with leave to amend the complaint within 60 days. On August 20, 2007, Defendants moved to dismiss the action on the ground Plaintiffs had failed to prosecute and failed to follow the court's order by failing to amend the complaint within the time provided. On October 8, 2007, Plaintiffs' attorney requested limited additional time to amend the complaint. On December 26, 2007, the court denied Defendants' motion to dismiss the action and granted limited additional time to amend. Plaintiffs' Second Amended Complaint ("SAC") was filed on January 22, 2008.

Defendants' motion to dismiss the SAC was filed on January 30, 2008. Plaintiffs' opposition was filed February 22, 2008, and Defendants' reply was filed march 3, 2008. The hearing on Defendants' motion to dismiss that was scheduled for March 10, 2008, was vacated and the matter was taken under submission as of that date.

2

**FACTUAL BACKGROUND – PLAINTIFFS' ALLEGATIONS**

The June 14 Order discussed the facts alleged by the FAC. The SAC subtracts nothing from the factual allegations set forth in the FAC and adds only a few new allegations. The court therefore incorporates the factual summary set forth in the June 14 Order by reference. The court will briefly summarize the relevant facts and will focus on those few facts that are added by the SAC.

With regard to plaintiff Tommy Allen, the SAC alleges individual defendant police officers Kumagai, Dunn, and Lincoln knew of Tommy Allen's status as a person who cultivated marijuana and used the cultivated marijuana pursuant to authorization under California's medical marijuana law. The SAC alleges that, despite this knowledge, the officers proceeded to investigate and bring a case against Tommy Allen and cause the case to be prosecuted. Tommy Allen alleges the officers misstated and fabricated evidence and illegally searched and seized property from his residence. With regard to this allegation, the SAC adds only that the individual officers "personally participated in the violation of [Tommy Allen's] constitutional rights." The SAC also alleges that Tommy Allen was subjected to unlawful arrest following the arrest of Brooke Allen.

With regard to plaintiff Brooke Allen, both the FAC and the SAC allege Brook Allen was arrested at her school "and accused of using marijuana on school grounds and possessing marijuana for sale." The substance of Brooke Allen's allegations are contained in paragraph 11 of the SAC which is set forth below. Italicized portions represent allegations added by the SAC.

> These allegations [of using marijuana and possession of same for sale] were patently contrived and false, *and the involved officer knew at the time of these arrests that probable case was lacking, based on the lack of then-existing evidentiary support*. It has subsequently been repeatedly proven, by scientific evidence that Brooke Allen did not use or ingest marijuana as alleged. It has also been scientifically proved that the subject marijuana is not of the type that plaintiff Tommy Allen cultivates and uses for his personal medical use. The allegedly corroborating statements of witnesses are misrepresented and obtained in bad faith by the investigating officers, Fresno County Sheriff Deput[ies] [. . .] Curtice, [ . . .] Williamson, and [. . .] Grajeda, *and this misstating of the evidence is circumstantial proof of the bad faith natures of*

3

> *the [P]laintiff's arrests. Each of the aforementioned defendants personally participated in the violation of [P]laintiff's constitutional rights by acting as described herein.*

The June 14 Order rejected Plaintiffs' claim that police search and seizure in light of their knowledge of Tommy Allen's status as an authorized medical marijuana user constituted a violation of Tommy Allen's rights under the Fourth or Fifth Amendments. In responding to the court's rejection of the civil rights claim, the SAC's allegation of wrongful search and seizure, as alleged at paragraph 13 of the SAC, was modified and now sets forth as follows. (Portions that are new in the SAC are again italicized):

> The foregoing wrongful acts by the [D]efendants implicate the [P]laintiff's constitutional rights not to be arrested without probable cause, not to be subjected to malicious prosecution, not to have their property searched and seized without a valid warrant (as to plaintiff Tommy Allen), and their rights not to be subject to discriminatory, selective, arbitrary and retaliatory enforcement of the laws. *Although plaintiff Tommy Allen's right to cultivate, use and possess marijuana for medicinal purposes has its roots in state law, federal law is clearly established that state law protections may not be infringed upon in violation of due process and other federal constitutional rights. Therefore, the constitutional rights asserted by [P]laintiffs herein* may all be vindicated under 42 U.S.C. § 1983.

## LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). In deciding a Rule 12(b)(6) motion, courts do not "assume the

4

truth of legal conclusions merely because they are cast in the form of factual allegations."
Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981).

### DISCUSSION

**I. Claims by Brooke Allen Against Fresno County Sheriff's Deputy Officers**

The June 14 Order concluded that the FAC did not allege facts sufficient to state a claim for a constitutional violation in connection with Brooke Allen's arrest and/or search because no facts are alleged to determine the scope or circumstances of the search or arrest. For example, there is no direct allegation that a search was conducted, what was searched, how the search was conducted, what circumstances precipitated the search and/or arrest, etc. See. Doc.# 41 at 4-5. Beyond failing to allege sufficient facts, the June 14 Order points out that the legal theory Plaintiffs allege, that there was a search and/or seizure without probable cause, is not sufficient to state a constitutional violation in a school setting because a search or seizure in that setting not necessarily unconstitutional if probable case is lacking. New Jersey v. T.L.O., 469 U.S. 325, 341 (1985) ("T.L.O.").

The June 14 Order noted:

> It is not enough to allege there was no probable cause. First, the allegation that probable cause is lacking is a legal conclusion set forth as a fact and is insufficient to state a claim for relief. Western Mining Council, 643 F.2d at 624. Further, as the T.L.O. Court held, in a school setting a search and seizure in the absence of probable cause is not necessarily an infringement of a constitutional right. To support a claim for an unconstitutional search or seizure in a school setting, the complaint must allege additional facts – facts not present in the FAC – that, if true, would show the search and/or seizure was unreasonable under the circumstances.

Doc. # 41 at 5.

With regard to the claims of Brooke Allen against the Fresno County Sheriff's officers, the SAC attempts to correct the factual deficiencies of the FAC by the addition of one or two legal conclusions clothed as facts which, in total, add nothing at all to support the factual or legal bases of Brooke Allen's claim. The court still does not know if there was a search. If there was no search, what was the "subject marijuana" the SAC mentions? The court does not know the circumstances leading to the arrest. Plaintiffs claim there was

5

corroborating witness testimony that was misrepresented, but what did the testimony corroborate? What information did the school or the police act on? The SAC, like the FAC is silent as to facts that would enable the court to determine if Plaintiffs have stated a claim that there was an *unreasonable* search or seizure. The statement that "the involved officer knew at the time of these arrests that probable cause was lacking, based on the lack of then-existing evidentiary support" is merely a legal conclusion dressed as a fact; a fact that fails to answer any pertinent question and leads to a number of unanswered questions. If there was only one involved officer, why are other Sheriff's Deputy Officers named? What were their roles? Even if probable cause was lacking (a legal conclusion not supported by fact), why was the search unreasonable under the circumstances?

In sum, the SAC does nothing to address the court's determination that the FAC was deficient both as to fact and law with respect to the claim of Brooke Allen against the Fresno County Sheriff's Deputy Defendants. Dismissal of the Brooke Allen's claim is therefore warranted.

**II. Tommy Allen's Claims Against Fresno City Police Officers and County Sheriff's Deputy Officers**

With respect to Tommy Allen, the SAC somewhat ambiguously alleges two bases for his claim of constitutional rights violations. First, Tommy Allen alleges that he was wrongfully arrested by the Fresno County Sheriff's Deputy Defendants following Brooke's arrest for supplying marijuana to a minor to sell. Second, he alleges he was subjected to unlawful search and/or seizure by Fresno City police officers who knew he was authorized under the California medicinal marijuana statute to possess and cultivate marijuana for such use.

With regard to Tommy Allen's arrest following Brooke Allen's arrest, the SAC adds no pertinent facts to those facts that were alleged in the FAC and found insufficient to state a claim for relief. With respect to Tommy Allen's arrest following Brooke Allen's arrest, the June 14 Order observed that Tommy Allen's claims were very ambiguously set forth and

were factually unsubstantiated:

> To the extent the FAC could be construed to allege Tommy Allen suffered an unlawful arrest, that claim cannot be supported in the absence of any information concerning the facts known to the officer or officers at the time of the arrest that would indicate a lack of probable cause. To the extent the FAC could be construed to allege that Tommy Allen suffered an unconstitutional search or seizure, there are not sufficient facts alleged to support the contention that the search was unreasonable under the circumstances. Was the complained of search a search incident to Tommy Allen's arrest? What were the factual circumstances of the search? To the extent the FAC could be construed to allege retaliatory arrest, search, or seizure, there are insufficient facts to support such a claim because there is no allegation of any predicate condition or facts that would conceivably support a claim of retaliation. To the extent Plaintiffs are trying to argue there was a false arrest, the FAC never makes the claim that either Brooke or Tommy Allen were subject to false arrest, nor are any facts set forth in the FAC to indicate the arresting officers knew there was no cause for arrest *at the time*.

Doc. # 41 at 6.

The SAC adds nothing to the factual basis for Tommy Allen's claim of unlawful arrest following Brooke Allen's arrest. The conclusion the court reached in the June 14 Order still applies:

> [T]he problem with the FAC as it pertains to the individual County Defendants is that it lacks any factual specificity. Plaintiffs correctly point out that this circuit requires "liberal construction of pleadings in civil rights cases." Doc. # 28 at 6:4 (citing, *inter alia*, Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey v. Regents of University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Even under the most liberal construction, a plaintiff "may not rely on wholly conclusory allegations, but rather must allege facts which, if proven, would entitle the plaintiff to relief." Johnson v. Reno Police Chief, 718 F.Supp. 36, 38 (D. Nev. 1989) (citing Akao v. Shimoda, 832 F.2d 119 (9th Cir. 1988).
> As discussed above, the allegations against the individual County Defendants of unlawful arrest, search, and/or seizure, and/or retaliatory arrest and prosecution committed against Brooke Allen and Tommy Allen are alleged without relevant facts that, if proven would entitle Plaintiffs to relief. Dismissal of the claims against the individual County Defendants is therefore warranted.

Doc. # 41 at 7.

With respect to the Fresno City Police, Tommy Allen alleges he was subject to unlawful search and seizure when he was investigated, searched and arrested by Fresno City Police officers who knew Tommy Allen was authorized to cultivate and possess marijuana

7

under California law. Tommy Allen alleged the same infringement of his civil rights in the FAC. In rejecting Tommy Allen's claim based on protected status under California's Medical Marijuana statute, the court observed:

> Plaintiffs suit is pursuant to 42 U.S.C., section 1983, which "affords redress against a person who under color of state law deprives another person of any federal constitutional or statutory right." San Jacinto Savings & Loan v. Kacal, 928 F.2d 697, 700 (5th Cir. 1991). "Rights which derive solely from state law, however, cannot be the subject of a claim for relief under 42 U.S.C., § 1983. [Citation]. Only when a violation of a state law results in an infringement of a federally protected right can a cause of action be said to exist. [Citations.]" Missouri v. Wochner, 620 F.2d 183, 185 (8th Cir. 1980).
> To the extent a right to cultivate marijuana for personal medicinal use exists, it exists solely under state law. As Defendants point out, federal law, as set forth in the Federal Controlled Substance Act, beyond simply not conferring a right to cultivation of medicinal marijuana, declares marijuana to be of no medicinal use and criminalizes its possession and cultivation under essentially all circumstances. See Gonzales v. Raich, 545 1, 27-29 (2004) (affirming congressional power under the Commerce Clause to prohibit marijuana production/possession notwithstanding its medicinal benefits or state laws to the contrary). While invoking federal civil rights law to secure the right to commit acts that amount to crimes under federal law would be delicious irony, it is not the sort of irony federal courts can indulge. To the extent the FAC alleges Plaintiffs' Fourth and Fourteenth Amendment rights were violated because Tommy Allen's right to grow and possess marijuana was infringed, the FAC alleges a claim for which relief cannot be granted under federal civil rights law.

Doc. #41 at 8-9.

Plaintiffs address this portion of the June 14 Order by simply arguing that ". . . Tommy Allen's right to cultivate, use and possess marijuana for medicinal purposes has its roots in state law, [and] federal law is clearly established that state law protections may not be infringed upon in violation of due process and other federal constitutional rights." SAC at ¶ 13. Plaintiffs therefore assert that Tommy Allen's claim against the City Police Officer Defendants may be vindicated in an action pursuant to 42 U.S.C. § 1983.

Notwithstanding the fact that Plaintiffs' assertion of law is without any citation to authority, it fails to support his position that his right to use medical marijuana can be vindicated under federal civil rights law. The above quoted assertion of law, taken at face value, does not stand for the proposition that rights that arise solely under state law are somehow incorporated into federal civil rights law through the Fourteenth Amendment; it

8

merely stands for the proposition that procedural due process is a constitutional right that can be vindicated separate and apart from substantive rights that may arise under state law. Plaintiffs have not alleged procedural due process violation, nor is there anything in the facts asserted in the SAC that would suggest that a procedural due process violation might have occurred.

The fact remains that if Tommy Allen had been investigated, searched, prosecuted and arrested solely on the basis of his cultivation and possession of medicinal marijuana, no violation of a federal constitutional or statutory provision would have occurred. Federal law simply offers no protection to persons who possess, cultivate, or use marijuana for medicinal purposes.

### III. Claims Against Defendant Fresno County

The June 14 Order rejected Plaintiffs' claims against defendant County of Fresno on the ground the FAC did not allege facts sufficient to state a claim. The SAC adds no facts that have any bearing at all on the issue of Fresno County's liability. The court therefore simply reiterates its former analysis and conclusion:

> With respect to defendant County of Fresno, Plaintiffs allege only that "Fresno County has an observed custom and policy of the selective, discriminatory and/or arbitrary investigation, arrest and referral for prosecution of persons authorized to use and cultivate marijuana for personal medicinal purposes." Doc. # 22 at ¶ 7. While the allegation is ambiguous, only one interpretation makes practical sense in this context. The court presumes that what Plaintiffs are attempting to allege is that County has a policy of investigating and prosecuting persons who cultivate and use marijuana medicinally in conformity with California law, while not investigating and prosecuting persons who do not cultivate or use marijuana.[1]
>
> This allegation, like the allegations against the City Defendants, seeks vindication of a right that arises solely under California law; the right to cultivate and possess marijuana for personal medical uses. This "right," to the extent it exists under California law, cannot be vindicated under 42 U.S.C., section 1983 for the reasons discussed above. Stated another way, even if there exists County policies or practices that single out medicinal marijuana growers and users for selective prosecution to a greater extent than the non-

---

[1] The other possible interpretation of the allegation of discriminatory prosecution is that people who grow and use marijuana medicinally are prosecuted while people who grow and use marijuana non-medicinally are not. The court rejects this interpretation as unsupported by fact.

9

marijuana growing public, no constitutional or federal statutory right is implicated. This does not mean that California's laws regarding medicinal marijuana create no enforceable rights; it just means that whatever rights are created are not enforceable through federal civil rights law.

Doc. # 41 at 9-10.

It remains the court's conclusion that Plaintiffs have failed to allege facts against defendant County of Fresno that, if proven true, would entitle Plaintiffs to relief. Again, because the court will conclude that the SAC fails to state a claim against any defendant upon which relief can be granted, the court need not address Defendants' affirmative defenses. The SAC will be dismiss in its entirety.

**IV. Leave to Amend**

The general view in the Ninth Circuit with respect to leave to amend is simply stated. "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986). It is now apparent to the court that the failure of the SAC to state a claim for which relief can be granted is not likely to be cured by further amendment.

The court's June 14 Order took care to focus on the factual deficiencies in Plaintiffs' complaint and even pointed out factual elements that, if adequately alleged, would at least bring the complaint closer to the point of adequately stating a claim. The court must presume that Plaintiffs' SAC represents Plaintiffs' best effort to address the deficiencies in the FAC; particularly the deficiencies the court noted specifically. The fact that the SAC does essentially nothing to address the deficiencies noted by the June 14 Order beyond offering a few legal conclusions dressed as factual assertions is a strong indication that facts that would adequately support a claim are simply lacking.

The court has discussed at some length the two legal facts of life that lend support to the proposition that Plaintiffs have not stated claims upon which relief can be granted

because they can't.  First, federal law offers no protection to persons who grow, possess or use marijuana for medicinal purposes.  It follows that any investigation, search, seizure, arrest or prosecution that Tommy Allen suffered because he grows and uses medicinal marijuana cannot be vindicated under federal civil rights law.  Second, a plaintiff who asserts a violation of civil rights arising from a search or seizure at a school must allege particular facts that, if proven, would make the search/seizure *unreasonable under the circumstances*.  Because the court's June 14 Order made these barriers to Plaintiffs' claims explicit, the court must assume that Plaintiffs' failure to overcome these barriers by alleging facts adequate to state a claim is the result of a factual situation that simply does not give rise to liability.

Based on the foregoing considerations, the court finds that further amendment of the complaint would be futile.  Leave to amend is therefore not warranted.

THEREFORE, pursuant to the foregoing discussion, it is hereby ORDERED that the Defendants' motion to dismiss the Second Amended Complaint for failure to state a claim upon which relief may be granted is GRANTED.  The Second Amended Complaint is DISMISSED as to all Defendants.  The dismissal is WITH PREJUDICE.  The Clerk of the Court shall CLOSE THE CASE.

IT IS SO ORDERED.

**Dated:   March 20, 2008**                              /s/ **Anthony W. Ishii**
                                                      UNITED STATES DISTRICT JUDGE