IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY ALLEN; BROOKE ALLEN (a minor), by and through her legal representative TOMMY ALLEN,<br><br>Plaintiffs,<br><br>v.<br><br>FRESNO CITY POLICE OFFICERS DERIK KUMAGAI and VALERIE DUNN; FRESNO POLICE DETECTIVE ROBERT LINCOLN; FRESNO COUNTY SHERIFF DEPUTIES CHRISTIAN CURTICE, JARED WILLIAMSON, and ROMEO GRAJEDA; UNKNOWN LAW ENFORCEMENT OFFICERS; and COUNTY OF FRESNO, CALIFORNIA,<br><br>Defendants | CV F F-06-1469 AWI SMS<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT<br><br>Doc. # 77 |

This is an action for damages by plaintiffs Tommy Allen, and his minor daughter, Brooke Allen (collectively, "Plaintiffs"), against Fresno City Police Officers Derik Kumagai and Valerie Dunn, and Fresno City Police Detective Robert Lincoln (collectively, the "City Defendants"); Fresno County Sheriff Deputies Christian Curtice, Jared Williamson and Romeo Grajeda (collectively, the "individual County Defendants"); and the County of Fresno ("County"). Previously, the court granted Defendants' motion to dismiss Plaintiffs' Second Amended Complaint ("SAC") as to all claims. The court's dismissal was appealed. The

Ninth Circuit Court of appeal reversed this court's decision as to the dismissal of Plaintiffs' claims for violation of rights against unlawful arrest and search under the Fourth and Fifth Amendments.  The court's dismissal was affirmed as to other claims alleged in the SAC.  In the instant motions, Defendants seek dismissal of the remaining claims for unlawful arrest on the ground of qualified immunity, which was argued in Defendants' earlier motion to dismiss but not decided by the court.  Federal question jurisdiction exists pursuant to 28 U.S.C., section 1331.  Venue is proper in this court.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following facts are drawn from Plaintiffs' SAC and are not contested for purposes of the instant motion to dismiss.

Plaintiff Tommy Allen ("Tommy") is a disabled resident of Fresno County who is authorized under California law to cultivate and possess marijuana for personal medical use. Brooke Allen ("Brooke") is the minor daughter of Tommy and at the time period relevant to this action was a student at Clovis East High School.

In 2003 Tommy Allen was "subjected to arrest and prosecution in the Fresno County Superior Court for his authorized use and cultivation of marijuana for personal medical purposes."  Doc. # 53 at 3: 16 - 18.  The SAC alleges the City Defendants only were responsible for Tommy Allen's arrest and for bringing a criminal complaint even though they were aware of Tommy Allen's status under California's Compassionate Use Act ("CUA"), California Health & Safety Code § 11362.5.  The SAC further alleges that "[a]ll charges against plaintiff Tommy Allen were dismissed, and the search of his home was found to be illegal.  The final, favorable resolution of his criminal case took place on October 21, 2004."  Doc. # 53 at ¶ 9.

The SAC alleges a separate incident involving Brooke occurred on October 29, 2004, wherein Brooke was arrested at her school for possession and use of marijuana on school grounds and possession of marijuana for sale.  Brooke's arrest was carried out by the County

Defendants who also arrested Tommy Allen on a charge of providing his daughter with marijuana for sale. With respect to the Arrest of Brooke and Tommy Allen on October 29, 2004, by the County Defendants, paragraph 11 of the SAC alleges:

> These allegations were patently contrived and false, and the involved officer knew at the time of these arrests that probable cause was lacking, based on the lack of then-existing evidentiary support. It has subsequently been repeatedly proven, by scientific evidence, that Brooke Allen did not use or ingest marijuana as alleged. It has also since been scientifically proven that the subject marijuana is not of the type that [P]laintiff Tommy Allen cultivates and uses for his personal medical use.

Doc. # 53 at 4:12 - 17.

On January 1, 2008, Defendants moved to dismiss the SAC in its entirety as to all Defendants. On March 3, 2008, Defendants' motion to dismiss was granted and the SAC was dismissed as to all Defendants. Plaintiffs filed a notice of appeal on April 18, 2008. On October 23, 2009, the Ninth Circuit Court of Appeals filed a memorandum opinion affirming in part and reversing in part this court's grant of Defendants' motion to dismiss. The Ninth Circuit's opinion affirmed this court's dismissal of Plaintiff's SAC to the extent it asserted "claims against the individual City and County defendants for malicious prosecution and against the County of Fresno for discriminatory, selective, arbitrary, and retaliatory enforcement of laws. . . ." Doc. # 69 at 2. The Ninth Circuit's opinion also affirmed this court's dismissal of Plaintiffs' second claim for relief for declaratory judgment. Id.

The Ninth Circuit's opinion reversed this court's dismissal of Tommy and Brooke Allen's claims against the City and County individual Defendants for violation of their rights against unlawful arrest and unreasonable search and seizure under the Fourth Amendment. Specifically, the appellate court held that:

> The district court, however, erred in concluding that the Allens failed to allege sufficient facts to support their Fourth Amendment claims for unlawful arrest and unlawful search and seizure. The complaint alleges that the City defendants who searched and arrested Tommy Allen lacked probable cause and knew at all pertinent times that he was authorized under state law to use marijuana for medicinal purposes, that the City defendants' search of Tommy Allen was later found unlawful, and that the County defendants who arrested Tommy and Brooke Allen lacked probable cause. This was enough to

3

establish a plausible entitlement to relief as required under [Bell atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)]. Although Allen cannot use § 1983 to vindicate his purported state-law right to use marijuana for medical purposes, the officers' knowledge of his medical authorization bay be relevant to whether they has probable cause to believe he had committed a crime.

Doc. # 69 at 3.

Mandate as to the Ninth Circuit's order issued on November 16, 2009. The instant motion to dismiss by Defendants was filed on March 3, 2010. Plaintiffs' opposition was filed on March 22, 2010, and Defendants' reply was filed on March 25, 2010. The matter was taken under submission by the court as of April 5, 2010.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly"). While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature. See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

**DISCUSSION**

**I. Law of the Case and Mandate Rule**

Defendants' motion to dismiss alleges the affirmative defense of qualified immunity as to both the County and City individual Defendants. Plaintiffs do not address Defendants' argument with regard to qualified immunity. Rather, Plaintiffs contend that Defendants' motion to dismiss the claims set forth in the SAC are precluded by the doctrines of law of the case and the mandate rule. Plaintiffs contend that the defense of qualified immunity should not be available to the City Defendants because the premise upon which Defendants' argument for qualified immunity rests – that the contours of immunity from arrest and prosecution under the CUA were not well established at the time – was considered and rejected by the appellate court and became law of the case for purposes of consideration of Defendants' claim for qualified immunity.

With regard to the Plaintiffs' claim against the City Defendants for arrest and prosecution of Tommy Allen in 2003, Plaintiffs contend that even though this court did not rule on Defendants' arguments regarding qualified immunity, those arguments were part of the record before the appellate court. Plaintiffs contend that Defendants could have raised the issue of qualified immunity to the appellate court but declined to do so for strategic reasons. Plaintiffs contend that, because Defendants failed to raise the issue of qualified immunity to the appellate court, the issue of qualified immunity is foreclosed by operation of the

5

"mandate rule," which Plaintiffs contend "'forecloses relitigation of issues decided on appeal, and as a corollary, a district court cannot reconsider issues the parties failed to raise on appeal.'" Doc. # 79 at 8:12 - 13.

"'As most commonly defined, the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' [Citation.]" Christianson v. Colt Indus. Corp., 486 U.S. 800, 815 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 (1983) (dictum)). Generally, "[t]he law of the case doctrine presumes a hearing on the merits." United States v. Hatter, 532 U.S. 557, 566 (2001). Plaintiffs' contention that the issue of qualified immunity was before the Ninth Circuit and that the issue was settled by either this court or the Ninth Circuit fails because the facts are simply otherwise. While it is true that Defendants did raise the issue of qualified immunity as to both the City and County individual defendants, the issue was never decided by either this court or the Ninth Circuit.

Plaintiffs' argument that the Ninth Circuit gave consideration to – and rejected – Defendants' thesis that California's CUA does not immunize against arrest for possession of marijuana is similarly misplaced. Defendants did not argue to the Ninth Circuit that the individual City Defendants were entitled to qualified immunity and the appellate court correspondingly did not opine on the issue. For reasons that will be discussed *infra*, the issue of whether the CUA does not immunize a person in possession of marijuana from arrest is neither necessary or sufficient to establish qualified immunity. While Defendants did argue that Tommy Allen was not immune from arrests for possession of marijuana under the terms of the CUA, they did so in support of their argument that Tommy Allen did not and could not adequately state a claim for unlawful arrest and prosecution for possession of marijuana. The fact that the Ninth Circuit found that Plaintiffs' SAC sufficiently stated a claim for unlawful arrest notwithstanding Defendants' argument is not synonymous with a rejection of a claim for qualified immunity because the argument itself is not required to establish qualified

6

immunity.

Plaintiffs' contention that Defendants' claim of qualified immunity as to the County defendants is foreclosed by the mandate rule is similarly non-persuasive. Plaintiffs argue that, although this court did not rule on Defendants' contention that they were entitled to qualified immunity, Defendants' argument to that effect must certainly have been before the appellate court and so is incorporated somehow in the appellate court's mandate. Pursuant to 28 U.S.C. § 1291 "courts of appeal have jurisdiction over appeals from final decisions of the district courts of the United States." This court rendered no final decision as to any affirmative defenses claimed by Defendants. It follows that the appellate court could not have asserted jurisdiction over any claim of qualified immunity whether or not Defendants had raised the issue. As Defendants correctly point out:

> Federal Rule of Appellate Procedure § 41(a) states that the content of the appellate court mandate, "[u]nless the court directs that a formal mandate issue, the mandate consists of a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs." The mandate of the Ninth Circuit did not consist of any opinions or discussion relating to the [D]efendant's [sic] entitlement to raise the affirmative defense of qualified immunity but only mandated this court to find that the [P]laintiffs had pled sufficient facts to establish plausible entitlement pursuant to *Bell Atlantic v. Twombly* 127 S.Ct 1955 (2007). As such, the mandate did not bar this court from making a determination on that matter.

Doc. # 80 at 4:2 - 9.

The court finds the Ninth Circuit's mandate does not incorporate any opinion regarding Defendants' entitlement to the affirmative defense of qualified immunity. Defendants are therefore not foreclosed from asserting qualified at this point in the proceeding.

**II. Qualified Immunity as to City Defendants**

To determine whether qualified immunity applies, the threshold question is whether, in the light most favorable to the party asserting injury, the facts show an officer's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001); Robinson v. Solano County, 278 F.3d 1007, 1012 (9th Cir. 2002) (en banc). If no constitutional right was

7

violated, immunity attaches and the inquiry ends.  Saucier, 533 U.S. at 201.  If a constitutional right  would have been violated were a plaintiff's allegations established, the next step is to ask whether the right was clearly established in light of the context of the case. Id.  Finally, the contours of the right must be clear enough that a reasonable officer would understand whether this or her acts violate that right.  Id. at 202.

The crux of the City Defendants assertion of qualified immunity is that in 2003 the contours of California's CUA were so poorly defined that the City Defendants could not have known they were violating Plaintiffs' constitutional rights when they acted.  Defendants note that the Medical Marijuana Program ("MMP") was enacted in 2003 as a response to the uncertainties that were manifest with respect to law enforcement's efforts to enforce the provisions of the CUA as intended.  Defendants contend that the enactment of the MMP, which did not take effect until January 2004 and included a provision for identification cards, is evidence of the uncertain legal environment of medical marijuana at the time.  The City Defendants contend they are entitled to qualified immunity because the contours of the right of qualified Californians to possess marijuana for medical purposes were not clear enough at the time that a reasonable officer would have understood his acts were in violation of those rights.

While Defendants are at least partially correct in their assertion that the legal contours of California's CUA were somewhat obscure in 2003, it does not follow that any officer effectuating an arrest of a person known to be authorized under the CUA to possess marijuana in 2003 would necessarily be entitled to qualified immunity.  As the California Supreme Court observed in the context of the application of the CUA to a claim of immunity from arrest, "[t]o be sure, law enforcement officers must have probable cause before they lawfully may arrest a person for any crime. [Citations.]  Probable cause depends on all the surrounding facts [citation], including those that reveal a person's status as a qualified patient or primary caregiver under section 11362.5(d) [of the California Health & Welfare Code]."

People v. Mower, 28 Cal.4th 457, 468 - 469 (2002) ( internal citations omitted).  Further, "[a]ny consideration of probable cause must include the officer's consideration of the individual's status as a qualified medical marijuana patient."  County of Butte v. Superior Court, 175 Cal.App.4th 729, 738 (5th Dist. 2009).

Because the CUA renders possession of marijuana within the terms of the statute non-criminal, it follows that whether or not the contours of the statute are/were poorly defined, there must be at least some reasonable suspicion of conduct that lies outside the statue constituting a crime for an arrest to be lawful.  For example, qualified immunity would not be available to a police officer who, in 2003, effectuated an arrest for suspicion of possession of marijuana if the only facts known to the officer were that the suspect was a qualified medical marijuana patient and that he possessed marijuana for personal medical use within the limits of the statute.

Because Defendants are not automatically entitled to qualified immunity simply because some provisions of the CUA were not well delineated, Defendants' assertion of qualified immunity must fail on the record now before the court for the same reason that this court's dismissal of Plaintiff's claim for unlawful arrest and prosecution was overturned.  The Ninth Circuit has held that Plaintiffs' allegation that Tommy Allen's status as a qualified medical marijuana patient was known to the arresting officers and that probable cause was lacking is sufficient to state a claim for unlawful arrest.  Whether or not the factual allegations the court felt were necessary to state a claim for unlawful arrest and prosecution would have supported or defeated Defendants' qualified immunity defense is immaterial at this point.  The bare-bone allegations set forth in the SAC have been held sufficient to state a claim for relief even though they provide no basis for the court to determine if qualified immunity applies.  Thus, Defendants' claim for qualified immunity cannot be determined on the facts now before the court.  Defendants motion to dismiss on the ground of qualified immunity will be denied without prejudice.

### III. Qualified Immunity as to County Defendants

Unfortunately, the Ninth Circuit's opinion is even more ambiguous with respect to holdings regarding the County Defendants. What appears lacking from the Ninth Circuit's decision is a clear indication that it was understood that this case involves two Plaintiffs and three different events. The City Defendants are implicated in the arrest and prosecution of Tommy Allen in 2003. The allegation contained in the SAC that the Defendants knew at the time of the arrest that Tommy Allen was a qualified medical marijuana patient pursuant to the CUA was made with respect to the 2003 arrest by the City Defendants only. There is no allegation that the County Defendants had any prior knowledge of Tommy Allen's Status.

Apparently Brook and Tommy Allen were arrested by the County Defendants on the same day – October 29, 2004. The allegations contained in paragraph 11 of the SAC are made, so far as the court can determine, with respect to the County Defendants only. As the court explained in its opinion of March 21, 2008, there is no way to know what Plaintiffs are referring to when they allege in paragraph 11 that "[t]hese allegations were patently contrived and false, and the involved officer knew at the time of these arrests that probable cause was lacking, based on then existing evidentiary support." Which allegations were false? The allegation that Brooke Allen possessed marijuana? If that allegation was false, then what was the "subject marijuana?" Why is the misrepresentations of "corroborating statements of witnesses" relevant to the claims for unlawful arrest of either Tommy or Brooke Allen?

Because the Ninth Circuit's opinion leaves in each of Plaintiffs' three claims for unlawful arrest intact upon the thoroughly ambiguous set of facts set forth in the SAC, the court is at a loss to determine the factual context of either arrest by the County Defendants and is therefore at a loss to make any judgment concerning the applicability of qualified immunity with respect to the County Defendants.

As with the City Defendants, the court can see no option but to deny Defendants' motion to dismiss with respect to the County Defendants as well as with respect to the City

10

Defendants. The motion to dismiss the County Defendants will also be without prejudice. Hopefully, both the claims being alleged and the facts supporting those claims will be clarified in future motions for summary judgment. In the alternative, Defendants may consider appeal from the denial of qualified immunity. See Iqbal, 129 S.Ct. At 1945 - 1946 ("claim of qualified immunity can fall within the narrow class of appealable orders despite 'the absence of a final judgment.'")

THEREFORE, in accord with the foregoing discussion, it is hereby ORDERED that Defendants' motion to dismiss is DENIED in its entirety as to all Defendants without prejudice.

IT IS SO ORDERED.

**Dated:     May 4, 2010**                              **/s/ Anthony W. Ishii**
                                                        CHIEF UNITED STATES DISTRICT JUDGE