IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY ALLEN; BROOKE ALLEN (a minor), by and through her legal representative TOMMY ALLEN,<br><br>Plaintiffs,<br><br>v.<br><br>FRESNO CITY POLICE OFFICERS DERIK KUMAGAI and VALERIE DUNN; FRESNO POLICE DETECTIVE ROBERT LINCOLN; FRESNO COUNTY SHERIFF DEPUTIES CHRISTIAN CURTICE, JARED WILLIAMSON, and ROMEO GRAJEDA; UNKNOWN LAW ENFORCEMENT OFFICERS; and COUNTY OF FRESNO, CALIFORNIA,<br><br>Defendants | CV F F-06-1469 AWI SMS<br><br>MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION AND ORDER GRANTING STAY AS TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO THEIR CLAIMS AGAINST FRESNO CITY DEFENDANTS<br><br>Doc. #'s 94 and 95 |

This is an action for damages by plaintiffs Tommy Allen, and his minor daughter, Brooke Allen (collectively, "Plaintiffs"), against Fresno City Police Officer Derik Kumagai, ("Kumagai") and Fresno County Sheriff Deputies Christian Curtice and Jared Williamson (collectively, the "individual County Defendants"); and the County of Fresno ("County"). Listed defendants Fresno Police Officer Valerie Dunn and Fresno Police Detective Robert Lincoln were dismissed from the action by stipulated agreement on January 14, 2011, as was

Fresno County Sheriff Deputy Romeo Grajeda.  The currently-operative Second Amended Complaint ("SAC") was filed on January 22, 2008.  Following Defendants' challenges to the sufficiency of Plaintiffs' allegations by way of motions to dismiss and appeal and remand on those motions, the claims that remain in this action are claims pursuant to 42 U.S.C. § 1983 for unlawful search and arrest by Tommy Allen and for unlawful arrest by Brooke Allen.  In the instant set of motions for summary judgment or summary adjudication, Plaintiffs seek summary adjudication of Tommy Allen's claim for unlawful search of his premises and seizure of his property pursuant to a facially invalid warrant in violation of his Fourth Amendment rights.  As noted *infra*, Plaintiffs' motion for partial summary judgment will be stayed at the parties' request.  Defendants seek summary judgment as to all claims set forth in the SAC or, in the alternative, summary adjudication.  Again, at the parties' request, the court will stay decision on the portion of Defendants' motion for summary judgment as to Tommy Allen's claims against the City of Fresno Defendants.  Federal question jurisdiction exists pursuant to 28 U.S.C., section 1331.  Venue is proper in this court.

## PROCEDURAL HISTORY

As noted, the SAC was filed on January 22, 2008.  On January 30, 2008, Defendants moved to dismiss the SAC in its entirety as to all Defendants.  On March 3, 2008, Defendants' motion to dismiss was granted.  Plaintiffs filed a notice of appeal on April 18, 2008.  On October 23, 2009, the Ninth Circuit Court of Appeals filed a memorandum opinion affirming in part and reversing in part this court's grant of Defendants' motion to dismiss.  The Ninth Circuit's opinion affirmed this court's dismissal of Plaintiff's SAC to the extent it asserted "claims against the individual City and County defendants for malicious prosecution and against the County of Fresno for discriminatory, selective, arbitrary, and retaliatory enforcement of laws. . . ."  Doc. # 69 at 2.  The Ninth Circuit's opinion also affirmed this court's dismissal of Plaintiffs' second claim for relief for declaratory judgment.  Id.  The Ninth Circuit's opinion reversed this court's dismissal of Tommy and Brooke Allen's claims

against the City and County individual Defendants for violation of their rights against unlawful arrest and unreasonable search and seizure under the Fourth Amendment.

The motions for summary judgment or summary adjudication were both filed on January 14, 2011. Both parties file oppositions to the others' motion on January 31, 2011. Tommy Allen filed his reply to Defendants' opposition on February 2. 2011, and Defendants filed their reply on February 7, 2011. The hearing on the parties' motions, which had been set for February 14, 2011, was vacated and the matter was taken under submission as of that date. On March 1, 2011, the parties filed a joint notice of possible settlement as to Tommy Allen's claims against Kumagai and the City of Fresno arising from the search of July 4, 2003. The parties have requested the court stay adjudication of the parties' cross-motions for summary judgment as to those claims.

## UNDISPUTED AND DISPUTED MATERIAL FACTS

### I. Jointly Submitted Material Facts

The following are the jointly submitted undisputed material facts pertaining to Plaintiffs' claims against the individual Fresno County Defendants and to the County of Fresno arising from the arrest of Brooke and Tommy Allen on October 29, 2004.

Defendant Curtice was a deputy sheriff with the Fresno County Sheriff's department and acting in his official capacity on October 29, 2004. Former Defendant Grajeda was a deputy sheriff with the Fresno county Sheriff's Department and acting in his official capacity on October 29, 2004. Tommy Allen was arrested by Curtice and charged with three counts: (1) unlawfully using a minor to unlawfully transport, carry, sell, give away, or peddle marijuana in violation of Cal. Health and Safety Code § 11361(a); (2) child endangerment in violation of Penal Code § 273a(b); and (3) contributing to the delinquency of a minor in violation of Penal Code § 272(a)(1).

On August 30, 2005, Tommy Allen entered into a plea agreement whereby he pled no contest to an added count of possession of marijuana in violation of Health and Safety Code

3

section 11357(r). Under that plea agreement, Tommy Allen waived time for sentencing for 12 months, and agreed to obey all laws. Pursuant to the plea agreement, Tommy Allen's motion to withdraw his plea agreement was granted at the end of 12 months, and all charges against him were dismissed. All juvenile charges against Brooke Allen were unconditionally dismissed on August 19, 2005.

**II. Parties' Separate Proffered Undisputed Material Facts**

   *A. Defendants' Proffered Undisputed Material Facts Pertaining to Tommy Allen and Brooke Allen's Claims Against County Defendants*

Defendants allege a number of undisputed material facts that, together, are intended to establish probable cause for Brooke Allen's arrest by the County Defendants for possession of marijuana on school grounds on October 29, 2004. Defendant's proffer of facts pertaining to claims against the county Defendants is summarized as follow:

Fresno County Sheriff Deputies, including Deputies Curtice and Grajeda responded to Clovis East High School ("Clovis East") to investigate a narcotics complaint. Robb Christopherson was an individual [who the court presumes represented Clovis East] who investigated the alleged use and sale of marijuana on campus prior to the arrival of the county sheriffs deputies and informed them of the information he had discovered during his investigations when the deputies arrived. Christopherson told Deputy Curtice that one student, Luis Lomeli ("Lomeli"), informed Christopherson that Brooke Allen showed Lomeli and two other students a bag of marijuana and told the sudents that she was directed to sell it by her father. Christopherson told Curtice that other students had corroborated Lomeli's account of the facts.

Luis Lomeli told Grajeda that Brooke Allen had given him a bag of marijuana earlier that day which he furnished to other students. Lomeli also told Grajeda that Brooke Allen showed him a bag of marijuana in their Ag Sciences class and said she was selling it for her father who needed to recover from a recent $8,000 loss he suffered. Another student,

4

Vanessa Maxey, told Curtice that Brooke Allen showed her some marijuana in class and told Vanessa that Brooke was selling the marijuana at the direction of her father. A third student told essentially the same facts to Curtice. Tommy Allen had never spoken to any of the students prior to the time they made statements to the responding County Sheriff Deputies. It is not disputed that Tommy Allen informed Curtice that Tommy Allen was authorized under California law to use marijuana for medical purposes. It is also not disputed that Brooke Allen was arrested for possession of marijuana on school grounds.

### *B. Plaintiffs' Response to Defendants' Undisputed Material Facts and Proffer of Disputed Material Facts*

Plaintiffs' disputation with Defendant's proffered undisputed material facts consists of a response that is repeated as to each of Defendants' proffered facts and that alleges a set of facts that, together, challenge the veracity of the accounts of the student witnesses. Plaintiffs' response states as follows:

> [Defendants' proffered undisputed material facts are] [d]isputed to the extent that the students' uncorroborated and equivocal statements could constitute probable cause. Specifically, (1) Christopherson did not find any marijuana on Brooke Allen; (2) [Brooke] Allen's backpack was found in Luis Lomeli's possession; (3) Christopherson did not recall [Brooke] Allen smelling like marijuana or having red eyes, even though Lomeli claimed she was so high she could not ever carry her own backpack; [4] there was no prior friendship between Luis Lomeli and Brooke Allen; [5] Lomeli was not able to give any specifics regarding past allege marijuana furnishing by Brooke Allen; [6] Christopherson found it odd that Brooke [Allen] would announce her intention to smoke and sell marijuana to two professed non-marijuana smokers, Vanessa Mazey and Samantha Ortiz; and [7] Vanessa Maxey and Samantha Ortiz had different versions of the alleged bathroom incident, i.e., Maxey claimed Ortiz smoked marijuana while Ortiz denied doing so. [Citation to Christopherson Deposition.] Plaintiff's further noted that Brooke Allen did not appear to be under the influence on the date of her arrest; moreover, it has been proven that Brooke Allen was not under the influence of marijuana that day. [Citation.]

See Doc. # 101 at ¶ 25.

### **LEGAL STANDARD**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a

5

matter of law.  Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Poller v. Columbia Broadcast System, 368 U.S. 464, 467 (1962); Jung v. FMC Corp., 755 F.2d 708, 710 (9th Cir. 1985); Loehr v. Ventura County Community College Dist., 743 F.2d 1310, 1313 (9th Cir. 1984).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Although the party moving for summary judgment always has the initial responsibility of informing the court, the nature of the responsibility varies "depending on whether the legal issues are ones on which the movant or the non-movant would bear the burden of proof at trial." Cecala v. Newman, 532 F.Supp.2d 1118, 1132-1133 (D. Ariz. 2007).  When the moving party has the burden of proof at trial, that party must carry its initial burden at summary judgment by presenting evidence affirmatively showing, for all essential elements of its case, that no reasonable jury could find for the non-moving party.  United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir.1991) (en banc); Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986); see also E.E.O.C. v. Union Independiente De La Autoridad De Acueductos Y Alcantarillados De Puerto Rico, 279 F.3d 49, 55 (1st Cir. 2002) (stating that if "party moving for summary judgment bears the burden of proof on an issue, he cannot prevail unless the evidence that he provides on that issue is conclusive.")

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Ruffin v. County of Los Angeles, 607 F.2d 1276, 1280 (9th Cir. 1979).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the mere allegations or denials of its

pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Rule 56(e); Matsushita, 475 U.S. at 586 n.11; First Nat'l Bank, 391 U.S. at 289; Strong v. France, 474 F.2d 747, 749 (9th Cir. 1973).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Anderson, 477 U.S. 248-49; Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." First Nat'l Bank, 391 U.S. at 290; T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments); International Union of Bricklayers v. Martin Jaska, Inc., 752 F.2d 1401, 1405 (9th Cir. 1985).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Rule 56(c); Poller, 368 U.S. at 468; SEC v. Seaboard Corp., 677 F.2d 1301, 1305-06 (9th Cir. 1982).  The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)(per curiam); Abramson v. University of Hawaii, 594 F.2d 202, 208 (9th Cir. 1979).  Nevertheless, inferences are not drawn out of the

air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

**DISCUSSION**

As previously noted, the instant set of motions for summary judgment consists of cross-motions for summary judgment as to Tommy Allen's claims arising from an allegedly unlawful search of a property by Fresno City Police Officers on July 4, 2009; and a motion for summary judgment by the County Defendants on claims by Tommy and Brooke Allen arising from the arrest of both Tommy and Brooke on October 29, 2004, by Fresno County Sheriff's Department deputies.  The parties have jointly requested the court stay its decision as to the cross-motions for summary judgment by Tommy Allen and the Fresno City Defendants.  The court will stay that portion of its decision pending further request for lifting of the stay by either party.

Following remand of this action by the Ninth Circuit Court of Appeals, the court noted that the factual basis of Plaintiffs' claims with regard to the arrests of Tommy and Brooke Allen on October 29, 2004, remained unclear except for what the court had concluded was the conclusory allegation that the arrests of Brooke and Tommy Allen on October 29 by County Sheriff's Department Officers had been without probable cause. Based upon Defendants' undisputed material facts and on the lack of any dispute as to the truth of those facts by Plaintiffs, the court now understands that county Defendants responded to a complaint by a representative of Clovis East alleging that students had reported that Brook Allen was peddling marijuana on school premises.  The county Defendants received information from Christopherson and also verified the factual basis of the complaint by way of interview with one of the reporting students.

> A warrantless arrest must be supported by probable cause to comport with the Fourth Amendment. Henry v. United States, 361 U.S. 98, 102,(1959).

> "Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that [an] offense has been committed." Id. "[E]ven if the officers were mistaken that probable cause to arrest ... existed, they are nonetheless immune from liability if their mistake was reasonable." Fuller v. M.G. Jewelry, 950 F.2d 1437, 1443 (9th Cir.1991).

Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Educ., 616 F.3d 963, 969 (9th Cir. 2010).

> The determination whether there was probable cause is based upon the information the officer had at the time of making the arrest. Devenpeck v. Alford, 543 U.S. 146, 152 (2004)("Whether probable cause exists depends on the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest"). It is essential to avoid hindsight analysis, i.e., to consider additional facts that became known only after the arrest was made. Cf. Hansen v. Black, 885 F.2d 642, 645 (9th Cir.1989)(stating that the "reasonableness inquiry [in an excessive force claim] is 'judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of "hindsight"'") (citation omitted).

John v. City of El Monte, 515 F.3d 936, 940 (9th Cir. 2008).

An arresting officer "may not solely rely on the claim of a citizen witness ..., but must independently investigate the basis of the witness' knowledge or interview other witnesses." Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir.2001). Generally, courts should accord arresting officers some latitude in determining when to credit witnesses' accounts of events and when to discredit them. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir.2001).

Based on the still-ambiguous allegations set forth in the SAC and based on the arguments of the parties, the court concludes both Plaintiffs allege they were subjected to warrantless arrests without probable cause on October 29, 2004. Brooke Allen was arrested for possession of marijuana for sale and Tommy Allen was arrested on various charges stemming from supplying the marijuana that Brooke allegedly was offering for sale. Thus, probable cause would have existed for Brooke Allen's arrest if a prudent person in the officers position would have had reason to suspect that Brooke Allen possessed marijuana and intended to sell it based on all the information available to the arresting officer at the time. By the same standard, probable cause for Tommy Allen's arrest exists if a prudent

9

person would have had reason to suspect that Tommy Allen had provided the marijuana that Brooke Allen was trying to sell based on all the facts available to the officer at the time.

Plaintiffs have not disputed that Christopherson, a representative of Clovis East, informed the County Defendants that an investigation had been conducted, that a number of students had been interviewed and that they had each related essentially the same facts that indicated that Brooke Allen had possessed marijuana which she showed to the students and that she had told the reporting students that she was selling the marijuana at her father's request. The County Defendants also interviewed three of the reporting witnesses themselves and received the same information.

Under summary judgment practice, the moving party has the initial burden to show that they are entitled to judgment based on undisputed facts upon which no reasonable jury could find for the opposing party. The court finds that Defendants have satisfied that burden. While the representations of a single witness are not sufficient to establish probable cause, it is undisputed in this case that there were several witnesses, each relating the same facts with respect to the elements of the criminal conduct charged. Further, there is no basis upon which it could be held that a prudent person in the officers' position would have been obliged to discount the facts reported by the school's representative or by the corroborating witness.

Plaintiffs seek to satisfy their burden to show that there remains an issue of material fact by proffering facts that call into question the veracity of the reporting students or that dispute facts that are peripheral to the criminal conduct alleged. Pursuant to Arpin, the court grants deference to the officers' judgment in crediting the facts represented by the school's representative and the corroborating student witness. 261 F.3d at 925. Further, the court agrees with Defendants that the facts alleged in opposition to the County Defendants' motion for summary judgment are either irrelevant to the illegal conduct alleged or would not likely have been known at the time of the arrest to a prudent person in the officers' position. Specifically, it is not relevant to the issue of whether there was a reasonable basis to suspect

the illegal conduct of offering marijuana for sale on school premises had occurred whether Brook Allen had or had not been smoking marijuana or whether she ever had smoked marijuana. Similarly it is not relevant that the marijuana was or was not in her backpack and/or that the backpack was, at the time of the arrest, in someone else's possession. What is relevant is that several students reported that Brooke Allen showed them something that she represented to be marijuana, that she offered to sell it to the students and that she told the students that she was selling the marijuana at the request of Tommy Allen.

The court recognizes that further investigation may have uncovered discrepancies in the reporting students' stories or may have revealed other facts sufficient to raise a reasonable doubt as to either Brooke or Tommy Allen's culpability. Plaintiffs, however, offer no authority for the proposition that an arresting officer has a duty to delve under the initial representations of multiple witnesses to find discrepancies or to engage in the sort of careful weighing of witness credibility that is allocated to the finder of fact. The court finds that the arguments presented by Plaintiffs in opposition to County Defendants' motion for summary judgment implicate exactly the sort of hindsight analysis that is forbidden by <u>John v. City of El Monte</u>, 515 F.3d at 940.

The court finds Plaintiffs have failed to show that there remains any issue of material fact as to whether probable cause existed for the arrests of Brooke Allen and Tommy Allen by the county Defendants on October 29, 2004. Defendants' motion for summary judgment as to the County Defendants will therefore be granted. Because the court finds that Defendants have carried their burden to show that probable cause existed for the arrest of both Tommy and Brooke Allen, the court need not address the issue of whether Tommy Allen's claim is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

THEREFORE, for the reasons discussed, the court hereby ORDERS that Defendants motion for summary judgment as to all claims against all remaining County Defendants is

11

hereby GRANTED.  The Clerk of the Court shall enter judgment in favor of all County Defendants not previously dismissed in this action.

IT IS SO ORDERED.

Dated:     March 9, 2011

CHIEF UNITED STATES DISTRICT JUDGE

12